UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert E. Myers, | C/A 3:07-1347-JFA-BM |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Koyo Corp of USA, Management Staff;<br>John M. Wilson, Division Director S.C. Human Affairs Commission;<br>Cassandra P. Atcherson, State & Local Coordinator U.S. EEOC, | |
| Defendants. | |

The plaintiff, Robert E. Myers ("Plaintiff"), proceeding *pro se*, brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e. Plaintiff files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. The named defendants are the "management staff" of Plaintiff's former employer, an individual employed by state government, and an individual employed by the federal government. Plaintiff claims "obstruction of justice" by the government employees, and race discrimination as well as hostile work environment by the "management staff."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe,* 449 U.S. 5 (1980); *Estelle v. Gamble*, *supra*; *Haines v. Kerner*,



*supra*; *Loe v. Armistead,* 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke, supra*. Even under this less stringent standard, however, the undersigned finds and concludes that this *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Title VII creates a federal cause of action for employment discrimination. 42 U.S.C. § 2000e. However, a plaintiff must first exhaust administrative remedies before filing a VII claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). Administrative remedies include an investigation of the complaint and a determination by the Equal Employment Opportunity Commission ("EEOC"),[1] and Title VII provides that an employment discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim. *See* 42 U.S.C. § 2000e-5(b), (f). The EEOC will then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the person aggrieved, which allows the grievant a specific period of time to initiate a private Title VII suit in federal court. While it is not clear whether Plaintiff has

---

[1] South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency", the South Carolina Human Affairs Commission ("SCHAC"), with essentially the same powers as the EEOC. Under § 2000e-5(c), a person aggrieved by an alleged unlawful employment practice must commence proceedings under state law before initiating an EEOC action where a state remedial scheme exists, as in South Carolina.

2



obtained a right to sue letter in this case,[2] even if Plaintiff has a right-to-sue letter, his complaint is not sufficient to state a claim upon which relief may be granted.

**1. Defendants**

First, the complaint names two individuals who are not proper defendants in an employment discrimination action. John Wilson, the Division Director of Investigations at SCHAC, was apparently involved in that state agency's handling of Plaintiff's claim for employment discrimination, while Cassandra Atcherson, the State and Local Coordinator with the EEOC, was apparently involved in handling Plaintiff's claim of employment discrimination for the federal agency. Plaintiff's allegations against these two defendants state that they did not "conduct a fair and thorough investigation," and based on these allegations, the complaint claims "obstruction of justice."

This is not a claim for employment discrimination under Title VII. In fact, "obstruction of justice" is not actionable in any civil suit because it is a criminal charge. Plaintiff cannot pursue such a charge in a civil action because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, employees of these administrative agencies cannot be sued under Title VII just because a claimant is dissatisfied with how they handled a discrimination claim. *Cf. Gorczakoski v. EEOC*, Nos. 93-1101, 93-1108, 1993 WL 302386 (1st Cir. Aug. 9, 1983) ["mishandling by the EEOC of a Title VII

---

[2] The complaint does not reference a right-to-sue letter, and Plaintiff has not filed a copy of a right-to-sue letter in this case.

3



claim does not give rise to a *Bivens* implied right of action under the Fifth Amendment."]; *Francis-Sobel v. University of Maine*, 597 F.2d 15, 17-18 (1st Cir. ), *cert. denied*, 444 U.S. 949 (1979); *Johnson v. Rodriquez*, 943 F.2d 104, 108-109 (1st Cir. ) [alleged irregularities in handling of complaint by state anti-discrimination commission did not implicate due process interest], *cert. denied*, 112 S.Ct. 948 (1992). *Jaffer v. Nat'l Caucus and Center on Black Aged, Inc.*, No. 03-00096, 2003 WL 23014390, at *2 (M.D.N.C. Dec. 23, 2003) [claims against EEOC under § 1981 or § 1983 barred by sovereign immunity]; *Collier v. Bankers Life & Casualty, Co., et al.*, NO. 03-1181, 2003 WL 22435701, at **1 (7th Cir. Oct. 20, 2003) [EEOC not subject to suit under Title VII or § 1985]; *Wrenn v. Kemp*, No. 92-122, 1992 WL 402898, at 1 (N.D. Ohio May 6, 1992) [no cause of action against EEOC under § 1985]. Therefore, the Defendants Wilson and Atcherson should be dismissed as party Defendants in this employment discrimination case.

### 2.  Sufficiency of Allegations

The complaint also fails to set forth sufficient factual allegations to state a claim against the remaining Defendant. Although the Supreme Court has cautioned that the requirements of notice pleading are not burdensome, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), a plaintiff must still allege facts that "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957);  Fed. R. Civ. P. 8(a)(2) [ A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."].

The complaint in this case does not provide any factual allegations that would give notice to the defendant(s) of what grounds Plaintiff relies on to bring his claim of employment discrimination. In addition to the guidance of Rule 8(a), the instructions on the complaint form

4



instruct the plaintiff to "describe how each defendant is involved" and "[i]nclude also the name(s) of other persons involved, dates, and places." Compl. at 3. In reference to the "staff management" defendant(s), the statement of claim in the complaint simply states the "defendants are accused of Title VII- Civil Rights Violations. To be Named as: Discrimination, Disparate Treatment (Hostile Work Environment.)" Compl. at 3. On an attached page of the complaint, Plaintiff further explains who the "staff management" defendants are, but adds nothing to the factual statement of his claim, alleging verbatim:

> Defendant is: The management staff at Koyo Corporation of USA... This to include: Plant Manager, Assistant Plant Manager, Human Resource Manager/Coordinator, Area Managers, Section Leaders, etc... Plaintiff has a claim against the defendant based on the following: Title VII, Civil Rights Act; Race Discrimination and allowing a Hostile Work Environment (Disparate treatment)."

Hence, although the complaint complies with Rule 8(a)'s requirement for "a short and plain statement," it does not state a claim with enough specificity to show "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). The complaint in this case fails to allege any facts identifying any conduct by "staff management" defendants. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Nor is this Court required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).



Finally, there is no individual liability under Title VII. Therefore, the company itself should be named as the Defendant, not the "management staff". *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 178-181 (4th Cir. 1988); *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; *see also Jones v. Tyson Foods, Inc.*, 378 F.Supp.2d 705, 708 (E.D.Va. 2004); *Hooker v. Wentz*, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; *Dalton v. Jefferson Smurfit Corp.*, 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997).

Since the complaint fails to state a claim upon which relief may be granted under Title VII, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted..

## **Recommendation**

Accordingly, it is recommended that the Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff chooses to re-file this action, he should take care to indicate whether he has obtained a right to sue letter, and he should set forth specific allegations setting forth exactly what he claims the Defendant Company did to him which constituted discrimination prohibited by Title VII.

The plaintiff's attention is directed to the notice on the following page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

June 5, 2007
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

