IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert E. Myers, | ) | C/A No.:  3:07-1347-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Koyo Corp. of USA, Management Staff; John M. Wilson, Division Director, S.C. Human Affairs Commission; Cassandra P. Atcherson, State & Local Coordinator, U.S. E.E.O.C. | ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Robert Myers, initiated this action against the defendants alleging a claim for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").  The plaintiff claims "obstruction of justice" by the government employees and race discrimination and hostile work environment by the management staff defendants.  In his complaint, his prayer for relief states:

> "I would like to present this case to the State of South Carolina and to the Nation as a whole.  We must repeal those "Good Ole Boy Laws" and establish justice (in its purest form) once and for all.  Find out the truth behind this case and punish the wrong doers to the fullest extent of the law to send a message to others, ... this type of behavior will not be tolerated."

1

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the plaintiff has not exhausted his administrative remedies before filing a Title VII claim in federal court. The Magistrate Judge further opines that the two individual defendants are not proper defendants in an employment discrimination action. Finally, the Magistrate Judge notes that the complaint fails to set forth sufficient factual allegations to state a claim against the corporate defendant, Koyo Corporation, thus the complaint should be dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 5, 2007. The plaintiff has timely filed objections[2] to the Report.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

In his objections, the plaintiff goes into more detail regarding his claims against the management staff. He also requests that his original claim of "obstruction of justice" as to these defendants be changed to "civil wrongdoing." Specifically, plaintiff argues that all of the key positions in Koyo Corporation are held by whites.

Plaintiff requests numerous records "to substantiate [his] charges of race discrimination" from the defendant agencies and Koyo Corporation. He seeks "double back-pay," punitive damages, and an immediate increase in pay. Essentially, the plaintiff makes only vague and conclusory objections to the Report, while attempting to supplement his claims to avoid dismissal of his complaint.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the plaintiff's claim is dismissed without prejudice and without issuance and service of process.

As the Magistrate Judge notes, if the plaintiff chooses to re-file this action, he should take care to indicate whether he has obtained a right-to-sue-letter, and should set forth specific allegations setting forth exactly what he claims the defendants did to him which constituted discrimination.

3

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 15, 2007
Columbia, South Carolina

4